IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   20-cr-00133-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LONDELL EDWIN WHITE,

       Defendant.
_____

**DEFENDANT'S MEMORANDUM OF LAW REGARDING USE OF HEARSAY**
_____

LONDELL WHITE, through undersigned counsel, Assistant Federal Public Defender Jennifer Beck, files this memorandum to support his objection to the introduction of hearsay evidence to support a finding of probable cause to believe that a violation of supervised release has occurred.  In support, he states:

**Procedural Background**

Mr. White was arrested on a petition alleging a violation of his supervised release and a preliminary hearing on the matter is currently scheduled for June 26, 2020.  At a preliminary hearing for a revocation of supervised release, "a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." F.R.Cr.P. Rule 32.1(b)(1)(A).  Mr. White is accused of multiple violations, including new law violations and technical violations.  Counsel for the government indicated to undersigned counsel that he intends to call as his sole witness United States Probation Officer Dale Lake to testify about the alleged violations.

Undersigned counsel has subpoenaed multiple witnesses to testify about the allegations against Mr. White.

## The Law Regarding Revocation Hearings and Hearsay

Fed. R. Crim. P. 32.1(b)(1)(B) provides that a person facing a revocation is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Based on this and the opinion in *United States v. Jones*, 818 F.3d 1091 (10th Cir. 2016), Mr. White objects to the introduction or use of hearsay by the government or probation to support the allegations against him, including the charge in allegation one, that he committed the crimes of Possession of a Controlled Substance, Possession of a Firearm, Kidnapping, Assault, and Menacing. Doc. No. 3, Petition for Warrant. Mr. White requests that if this evidence is offered at the preliminary hearing, the hearsay declarants, or witnesses, be present so counsel may cross-examine them.

*Jones* held that F.R.Cr.P. Rule 32.1(b)(2)(C) requires district courts to apply a balancing test to determine whether hearsay evidence may be considered for revocation. *Id.*, 1097–98. In performing this test, district courts must determine whether the "interest of justice does not require the witness [declarant] to appear" by balancing (1) "the person's interest in the constitutionally guaranteed right to confrontation" against (2) "the government's good cause for denying it." *Id.*, 1099–1100. *See also United States v. Henry*, 852 F.3d 1204 (10th Cir. 2017) (district court's failure to conduct balancing test in revocation hearing not harmless error.). The language for final revocation hearings and

preliminary hearings is identical, therefore the balancing test applicable under F.R.Cr.P. Rule 32.1(b)(2)(C) is applicable under F.R.Cr.P. Rule 32.1(b)(1)(B).

In determining whether there is probable cause to believe that a violation occurred, the Court must be especially cognizant of protecting a defendant's rights to due process and confrontation when the violation alleged is a crime for which the defendant is presumed innocent.

In his Petition for Warrant, Doc. No. 3, USPO Dale Lake has proffered hearsay evidence against Mr. White: the statements of Detective Krebs of the Commerce City Police Department, and through her, the statements of complaining witness Carlos Mercado, as well as the statements of witnesses Melonie Skinner, Tisa Tapia, Christina Negri, Officer Evans, and Officer Calvano (all double hearsay). Doc. No. 3. This evidence, or information, is something Mr. White must be allowed to address through cross-examination of its sources.

/ / /

Should the hearing go forward on the basis of hearsay evidence of USPO Dale Lake alone, Mr. White will be denied due process and the right to present evidence and question any adverse witness against him. F.R.Cr.P. Rule 32.1(b)1)(B)(ii); U.S. Const. amends. V, VI.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/ Jennifer Beck
        JENNIFER BECK
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Jennifer_Beck@fd.org
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Daniel McIntyre, Assistant United States Attorney
Email: daniel.mcintyre@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Londell White (Via U.S. Mail)

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant