IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00133-RM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    LONDELL EDWIN WHITE,

    Defendant.

## ORDER OF DETENTION

THIS MATTER came before me for a preliminary hearing and a detention hearing on November 24, 2021, subsequent to the defendant's arrest. The Defendant waived the preliminary hearing, but contested detention, arguing that he should be released pending the revocation hearing, to reside in a Residential Reentry Center.

Based upon the facts alleged in the Petition and in light of the defendant's waiver of preliminary hearing, the court finds that probable cause exists to believe that the defendant violated one or more conditions of his release.

Rule 32.1(6) of the Federal Rules of Criminal Procedure governs the issue of detention where a person has been arrested for violating probation or supervised release. The Rule provides that the person must be taken without unnecessary delay before a magistrate judge who, among other things, must make a determination of detention as follows:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. **The burden of establishing that the person will**

1

> **not flee or pose a danger to any other person or to the community rests with the person.**

Fed. R. Crim. P. 32.1(6) (emphasis added).

Section 3143(a), 18 U.S.C., provides:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to any other person or the community.

(Emphasis added.)

In making my findings of fact, I have taken judicial notice of the information contained in the court file and considered the facts set forth in the Petition and in the government's motion. Weighing the factors applicable under Rule 32.1(6), I find there is probable cause to believe that the defendant committed the violations charged in the Petition on Supervised Release including the multiple instances of use of prohibited controlled substances and failure to report a change of

residence to his supervising officer.

After considering all appropriate factors, I conclude that the defendant has failed to establish by clear and convincing evidence that he will not pose a danger to any other person or to the community. Specifically, I find that defendant's supervised release transferred to the District of Colorado on May 13, 2020; that his supervised release was revoked on September 2, 2020 and he was sentenced to a term of imprisonment of twelve (12) months, consecutive to any sentence imposed; that his most recent term of supervision began on May 7, 2021 and approximately two months later, he began engaging in violations of his conditions of release that resulted in this current Petition for Warrant on Person Under Supervision. Defendant's criminal history as reflected in his Presentence Investigation Report and the first Petition for Warrant on Person Under Supervision includes not only drug offenses, but also violent offenses;

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:  November 24, 2021                    BY THE COURT:

                                                                        _____

                                                                        Nina Y. Wang
                                                                        United States Magistrate Judge