IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   20-cr-00133-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LONDELL EDWIN WHITE,

      Defendant.

_____

**UNOPPOSED MOTION TO PROCEED VIA VIDEOTELECONFERENCE**
_____

Londell White, through his attorney Assistant Federal Public Defender Jennifer Beck, hereby respectfully requests to appear by video teleconference (VTC) for his Final Supervised Release Violation Hearing on Friday, January 21, 2022.  The government, through Assistant United States Attorney Albert Buchman, does not object to this request.

Mr. White's Final Supervised Release Revocation Hearing is scheduled for Friday, January 21, 2022 at 3:00 p.m.  Pursuant to the District of Colorado's General Orders, the Court must endeavor to reschedule in-court hearings in criminal cases or convert them to video or telephonic appearances, in an effort to minimize the need for persons to travel to the courthouse.[1]  Mr. White moves this Court to hold his January 21, 2022 Final Supervised Release Violation Hearing via video or telephone conference pursuant to

---

[1] *See* General Order 2020-3: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 (D. Colo. March 27, 2020) (Brimmer, C.J.); General Order 2020-4-6: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 (D. Colo. April 6, 2020) (Brimmer, C.J.); and General Order 2020-9: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 (D. Colo. May 21, 2020) (Brimmer, C.J.).

Section 15002(b) of the CARES Act and a series of General Orders issued by Chief Judge Brimmer beginning in April 2020.

Section 15002(b)(1) of the CARES Act allows a court to conduct certain criminal proceedings by video conference, or telephone conference if video conferencing is not reasonably available, so long as the defendant consents. On April 6, 2020, Chief Judge Brimmer issued General Order 2020-4, which authorized:

> judges in this district, with the consent of the defendant after consultation with counsel, to use video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for the following events:
>
> f. […] supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure
> […].

General Order 2020-4. On July 2, 2020, September 29, 2020, December 24, 2020, March 23, 2021, June 16, 2021, September 10, 2021, and December 7, 2021, the Chief Judge entered General Orders 2020-12, 2020-17, 2020-22, 2021- 4, 2021-7, 2021-11, and 2021-12 respectively, extending this authorization for an additional 90 days.

Mr. White is being held in pretrial detention in the Washington County Jail. If he is taken to Court to appear in person, he will have to return to the jail where he may be quarantined for days simply for going to Court. In order to go to and from Court, he will be put into contact with numerous people he otherwise wouldn't be. Each time he comes into contact with someone new, he is at an increased risk of contracting COVID-19. The interests of justice demand that Mr. White is not put at greater risk for contracting COVID-19 merely because he has a court date. Moreover, if the Court's remedy would otherwise be to continue the case so as to avoid video or telephone conference appearances, criminal cases will become backlogged. That backlog will, in turn, even further delay

proceedings, which would harm the administration of justice. Courts have found serious harm where delay "would only add to the enormous backlog of criminal and civil matters facing this Court, and every judge in this District, when normal operations resume." *United States v. Ortega*, 2020 WL 2093728, at *2 (E.D. Cal. May 1, 2020).

    Finally, with Mr. White's voluntary consent, this Court possesses the authority to conduct his Final Supervised Release Violation Hearing without his physical presence in the courtroom.[2]  Undersigned counsel has discussed this matter with Mr. White and he has consented to voluntarily waive his right to be physically present at his Final Supervised Release Violation Hearing, opting instead to appear by telephone or videoconference. Accordingly, the defense respectfully asks this Court to issue an order authorizing Mr. White to attend his Final Supervised Release Revocation Hearing on January 21, 2022 by video or teleconference.

    WHEREFORE, Mr. White respectfully requests to proceed with the Final Supervised Release Revocation Hearing on January 21, 2022 by video or teleconference.

    Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

---

[2] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(4).

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Albert Buchman, Assistant United States Attorney
    Email: albert.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Londell White (Via U.S. Mail)

    s/ Jennifer Beck
    JENNIFER BECK
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    Jennifer_Beck@fd.org
    Attorney for Defendant